USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 3/6/12

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

*This Case is Transferred to the Bankruptcy Court (Gerber, B.J.) as related to Motors Liquidation Co., 09-50026. The Conference scheduled for April 17, 2012 is cancelled. The Clerk is directed to transfer this case and close it on the docket of this Court. So ordered. /s/ J.G. Koeltl U.S.D.J. 3/6/12*

March 6, 2012

**VIA HAND DELIVERY**

The Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United
  States Courthouse
500 Pearl Street
New York, NY 10007-1312

RECEIVED
MAR 6 2012
CHAMBERS OF
JOHN G. KOELTL
U.S.D.J.

Re: **Trusky v. General Motors Company**
    **Case No.: 12 civ 1097 (JGK)**

Dear Judge Koeltl:

King & Spalding LLP is counsel to General Motors LLC ("**New GM**") f/k/a General Motors Company, the defendant in the above-referenced case. On February 15, 2012, this case was transferred to the United States District Court for the Southern District of New York from the United States District Court for the Eastern District of Michigan ("**Michigan District Court**") pursuant to a *Stipulated Order Granting Plaintiffs' Motion to Transfer Venue to the United States District Court for the Southern District of New York Pursuant to 28 U.S.C. § 1412* entered by the Michigan District Court on February 10, 2012 ("**Stipulated Order**"). A copy of the Stipulated Order is enclosed herewith.

As set forth in the Stipulated Order, the issues arising in this case are related to the bankruptcy case of Motors Liquidation Company f/k/a General Motors Corporation ("**Old GM**") that is currently pending in the United States Bankruptcy Court for the Southern District of New York (Case No. 09-50026) before the Honorable Robert E. Gerber ("**Bankruptcy Court**"). Specifically, New GM has asserted that the claims set forth in the Amended Complaint filed by the Plaintiffs violate an Order ("**Sale Order**") entered by the Bankruptcy Court that approved a sale of substantially all of the assets of Old GM to New GM, and that the Bankruptcy Court has exclusive jurisdiction to interpret and enforce the provisions of the Sale Order. As further set forth in the Stipulated Order, the parties in this case anticipated that the case would be transferred to this Court and that this Court would refer the case to the Bankruptcy Court so that the Bankruptcy Court would interpret its Sale Order. *See* Stipulated Order, ¶ 5 ("Plaintiffs later

18318354v1

Honorable John G. Koeltl
March 6, 2012
Page 2

concluded that, in order to seek such relief from the Bankruptcy Court, it is necessary to transfer this case to the United States District Court, Southern District of New York, for ultimate referral to the Bankruptcy Court").

On February 22, 2012, this Court entered a *Notice of Court Conference*, scheduling a pretrial conference in this case for April 17, 2012. Based on this Notice and the scheduling of the pretrial conference, it is unclear if this case is going to be transferred to the Bankruptcy Court. By this letter, New GM requests that this case be transferred to the Bankruptcy Court as contemplated by the parties in the Stipulated Order and that the pretrial conference be marked off the calendar as moot. New GM has discussed this matter with Plaintiffs' counsel and Plaintiffs' counsel agrees that the case should be transferred to the Bankruptcy Court as contemplated by the Stipulated Order.

If you have any questions regarding the foregoing or need additional information, please contact the undersigned.

Respectfully submitted,

Arthur Steinberg

cc: Jonathan M. Landers, Esq. (counsel for Plaintiffs - via e-mail transmission)
Lois F. Dix, Esq. (counsel for Plaintiffs - via e-mail transmission)
Darryl Bressack, Esq. (counsel for Plaintiffs - via e-mail transmission)
Marc Edelson, Esq. (counsel for Plaintiffs - via e-mail transmission)

AJS/sd
Encl.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DONNA M. TRUSKY, ASHA JEFFRIES, GAYNELL COLE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs<br><br>GENERAL MOTORS COMPANY<br>300 Renaissance Center<br>Detroit, MI 48243<br><br>Defendant. | Case No. 2:11-cv-12815<br><br>HON. SEAN F. COX |

## STIPULATED ORDER GRANTING PLAINTIFFS' MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1412

1. This case is before the Court on the stipulation of the parties concerning Plaintiffs' Motion to Transfer Venue To The United States District Court For The Southern District Of New York Pursuant to 28 U.S.C. § 1412 ("Motion to Transfer"). *See* dkt #21.

2. Plaintiffs in this putative class action filed claims against General Motors LLC f/k/a General Motors Company ("New GM"), alleging that New GM breached express warranties with Plaintiffs and the putative class members. *See* Amended Class Action Complaint, dkt #15.

3. New GM filed a Motion to Dismiss arguing, in part, that the claims asserted and the relief sought by Plaintiffs are outside the scope of the warranty terms and impermissibly are premised on conduct of Motors Liquidation Company f/k/a General Motors Corporation ("Old GM"). New GM contends that the claims and relief constitute a violation of the Order of the

United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") pursuant to which New GM acquired its assets and assumed specific liabilities only. *See* Motion to Dismiss, dkt #18. Additionally, New GM contends that the adjudication of the issues noted in this paragraph are within the exclusive jurisdiction of the Bankruptcy Court. Plaintiffs dispute New GM's position and believe that they properly may pursue their claims and seek relief against New GM and in this Court. The parties' disagreement constitutes an actual and pending dispute (the "Dispute").

4.   Plaintiffs asserted that it would serve judicial economy for them to petition the Bankruptcy Court, in Case No. 09-50026, and request, *inter alia*, that the Bankruptcy Court address and resolve the Dispute in paragraph 3, above. Consequently, Plaintiffs requested, and New GM agreed, to the entry of an Order staying this action until such time as the Bankruptcy Court resolves the Dispute as noted above or declines to do so ("Stay Order"). This Court entered the Stay Order on November 21, 2012. *See* dkt #20.

5.   Plaintiffs later concluded that, in order to seek such relief from the Bankruptcy Court, it is necessary to transfer this case to the United States District Court, Southern District of New York, for ultimate referral to the Bankruptcy Court. On January 17, 2012, Plaintiffs filed their Motion to Transfer. See dkt #21.

6.   Although New GM does not agree with all of the assertions of the Plaintiffs offered in support of their Motion to Transfer, New GM does not object to the transfer of this case.

7.   New GM hereby withdraws the pending Motion to Dismiss (dkt #18) without prejudice, reserving all rights to answer or otherwise respond to the current Amended Complaint or any amended pleading.

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Transfer is **GRANTED**;

2. This case is hereby transferred to the United Stated District Court, Southern District of New York;

3. New GM's current Motion to Dismiss (dkt #18) is withdrawn without prejudice; and

4. New GM shall have forty-five (45) days to answer or otherwise respond to Plaintiffs' Amended Complaint or any amended pleading after the date this case is transferred to, and docketed with, the District Court in New York.

Dated: February 10, 2012                    s/ Sean F. Cox
                                             Sean F. Cox
                                             U. S. District Judge


**SO STIPULATED**

| Fink + Associates Law | Dykema Gossett, PLLC |
|---|---|
| By: /s/ David H. Fink | By: /s/ Benjamin W. Jeffers |
| David H. Fink (P28235) | Benjamin W. Jeffers (P57161) |
| Darryl Bressack (P67820) | Michael P. Cooney (P39405) |
| 100 West Long Lake Rd., Suite 111 | 400 Renaissance Center |
| Bloomfield Hills, Michigan 48304 | Detroit, Michigan 48243 |
| Telephone: (248) 971-2500 | Telephone: (313) 568-5340 |
| dfink@finkandassociateslaw.com | bjeffers@dykema.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

DC01\179764.1
ID\BWJ - 019956/0999